UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICK FISHER,

      Plaintiff,          CIVIL ACTION NO. 07-10920

v.                           DISTRICT JUDGE GERALD ROSEN
                               MAGISTRATE JUDGE DONALD A. SCHEER

PATRICIA CARUSO, et.al.,

      Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Amended Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\*   \*   \*

Plaintiff, while incarcerated at the Ryan Correctional Facility,[1] in Detroit, Michigan filed the instant Amended Complaint, pursuant to 42 U.S.C. § 1983, on June 5, 2007, against fifteen Michigan Department of Corrections (MDOC) employees alleging that they had engaged in a conspiracy to punish him for filing grievances against prison officials. Claiming violations of several rights guaranteed by the federal constitution, Plaintiff sought monetary damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

<u>EXHAUSTION OF REMEDIES</u>

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute

_____

[1]Plaintiff is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In the recent case of Jones v. Bock, 549 U.S. __, 127 S.Ct. 910 (207), the Supreme Court explained that lack of exhaustion is an affirmative defense that must be raised by the defendants. The Bock Court reiterated that an inmate's failure to comply with the PLRA's exhaustion requirement deprives the district court of the ability to address the merits the prisoner's claims. The Court is required to dismiss "unexhausted" claims without prejudice. Id. at 922.

Plaintiff has failed to exhaust his administrative remedies. Defendants moved for dismissal on August 6, 2007, arguing that Plaintiff had not exhausted his administrative remedies against any of the defendants named in the Amended Complaint. In a response to Defendants Motion to Dismiss, dated August 16, 2007, Plaintiff maintained that he had, in fact, exhausted his claims. To support his contention, Plaintiff submitted a Step I grievance, dated February 6, 2007, alleging that Nurse Tate had given false testimony to Hearing Officer Ann Baerwalde concerning the need for a special medical accommodation (See Grievance RRF 2007-02-01566-12Z, attached as Exhibit A, page 6, to Plaintiff's Response to Defendants' Motion to Dismiss).

Plaintiff acknowledged that he received a response to this grievance on February 26, 2007, informing him that a formal investigation was being conducted. Plaintiff was told

that, once the investigation was completed, he would be apprised of the outcome (See Response to Step I Grievance, attached as Exhibit A, page 7, to Plaintiff's Response to Defendants' Motion to Dismiss). Rather than waiting until the investigation was completed, Plaintiff filed a Step II grievance appeal on April 1, 2007. (See Step II Grievance RRF 2007-02-01566-12Z, attached as Exhibit A, page 8, to Plaintiff's Response to Defendants' Motion to Dismiss). Even though he admittedly never received a response to his Step II grievance, Plaintiff asserted that he filed a Step III grievance appeal on April 26, 2007, because he wanted to file the instant action. Consequently, Plaintiff's grievance was not exhausted at the time he filed his Complaint in March 2007, and his Amended Complaint in June 2007, as the MDOC investigation had not yet been completed.

In order to properly exhaust administrative remedies under the PLRA, a prisoner must comply with the State's procedures regarding inmate grievance filings. Woodford v. Ngo, 528 U.S.___126 S.Ct. 2378, 2388 (2006). The prison's requirements define the boundaries of proper exhaustion, and proper exhaustion means using all steps the agency holds out and following them faithfully. Jones v. Bock, 127 S.Ct. at 923. I am persuaded that Plaintiff's deliberate failure to wait until he received a response to his grievance, after the completion of an MDOC investigation, does not render administrative remedies unavailable under the PLRA. Plaintiff's failure to complete the grievance process is attributable solely to him, and this Court should reject his contention that the failure to exhaust his administrative remedies was caused by defendants' actions.

Plaintiff admits that he failed to pursue grievances against the defendants at all levels of administrative review, and he has failed to show that he was precluded from doing so.

As a result, the Amended Complaint should be dismissed, without prejudice, on the basis of Plaintiff's failure to exhaust administrative remedies.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Rosen's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: September 18, 2007_____

---

## CERTIFICATE OF SERVICE

I hereby certify on September 18, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on September 18, 2007. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217